FILED
SUPERIOR COURT
OF GUAM

2024 JAN -2 PM 2: 10

CLERK OF COURT

BY:_____

SUPERIOR COURT
FMD
2:15 PM
JAN 02 2024
INITIAL ____
RECEIVED

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0065-18 |
|---|---|
| v. | **DECISION AND ORDER**<br>*Re: People's Motion to Revoke Defendant's Probation* |
| MERLE HARRISON VIRAY CHAMPACO,<br>DOB: 02/22/1981,<br><br>Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on September 28, 2023, for a hearing on the People's Motion to Revoke Defendant's Probation. Defendant Merle Harrison Viray Champaco ("Defendant") was present with counsel Assistant Public Defender William Jones. Assistant Attorney General J. Basil O'Mallan III appeared on behalf of the People of Guam ("the People").

## BACKGROUND

On July 9, 2021, the Defendant pled guilty to Theft by Receiving (as a 3rd Degree Felony) charged by Information. As part of his plea agreement, Defendant was sentenced to three (3) years of incarceration, all suspended, with credit for time served. Defendant also agreed to pay a fine of $100.00 plus court costs, and full restitution in the amount of

$10,524.49. As part of his plea agreement, Defendant also agreed to be placed on supervised probation for two (2) years with various conditions, including to:

1. Report to Guam Behavioral Health and Wellness Center ("GBHWC") for intake and drug/alcohol assessment, and to follow all treatment plans as may be recommended by GBHWC;

2. Report to the Probation office once a month in person or as ordered;

3. Comply with all court orders, and;

4. Obey all federal and local laws of Guam.

Defendant further agreed that, upon violation of any conditions of his release or probation, the Court may sentence him to serve the maximum sentence.

On July 14, 2021, the Court accepted the plea agreement, sentenced the Defendant accordingly, and filed the Judgment of Conviction. The Judgment of Conviction also provided that failure of the Defendant to follow all conditions of his probation could result in a hearing to revoke probation at which time the Court could impose any sentence that may have been imposed originally.

On October 15, 2021, Probation filed a First Violation Report. On March 8, 2022, Probation filed a First Amended Violation Report. Both reports advised that Defendant failed to comply with probation conditions, in that he: (1) failed to report monthly in person as ordered, with the last time being July 15, 2021; (2) failed to attend and complete a Petty Theft Diversion Program as ordered, and had been terminated from the cycle; (3) failed to report for intake and assessment by GBHWC; (4) failed to make payments towards the restitution as ordered; (5) failed to perform 76 hours of community service as ordered; (6) was processed with the Yona Mayor's Office but had not reported to date.

On August 7, 2023, at Defendant's bail hearing, Probation advised the Court that Defendant had failed to comply with the terms of his Judgment and Plea Agreement, in that he had: (1) made no payments towards restitution; (2) still has community service hours to serve; (3) failed to report to Probation, the last time being January 2023, and; (4) submitted to an intake at GBHWC in May 2022, but failed to return and complete the program, and will need to be reassessed. Four bench warrants have been issued in this case as a result of Defendant's failure to appear and his violations.

## DISCUSSION

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
>
> (1)     upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest[, and] ...
> (2)     the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the trial court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* If a violation is proven, then the court must determine if the violation warrants revocation of the probation. *Id.* A defendant's violation of probation warrants revocation where the violation upsets the intent of the probation conditions. *Id.* ¶ 31.

The goal of a revocation hearing is not to decide guilt or innocence but to determine whether the defendant remains a good risk for probation. *Id.*; *People v. Manila*, 2005 Guam 6 ¶ 13. The standard of proof required at a probation revocation hearing is that the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *People v. Angoco*, 1998 Guam 10 ¶ 8 The trial court's decision to revoke probation must be based on credible evidence, but the defendant bears the burden of showing an excuse for the failure to comply with the conditions. *Camacho*, 2009 Guam 6 ¶ 30.

The People allege that Defendant violated the conditions of his probation and has repeatedly and flagrantly disregarded the Court's orders. Defendant argues that exigent circumstances surrounding Defendant's health inhibited him from fulfilling his probation obligations, insofar as Defendant suffered severe injuries in a motor vehicle collision on May 11, 2022, for which he had to receive surgery. The defendant further requested at the hearing for his probation to be extended by one year to allow him to fulfill the terms of said probation.

However, while the Court recognizes the adverse impact of Defendant's injuries on his ability to fulfill the terms of his probation, the Court must also note the period between Defendant's change of plea on July 14, 2021 and his hospitalization on May 11, 2022. As the People note, Defendant reported to probation only once in the entire period between July 14, 2021 and March 8, 2022, and the first violation report, filed on October 15, 2021, over six months before Defendant's hospitalization, indicated that, as of that time, Defendant had fulfilled none of the terms agreed to as part of his plea. Indeed, in both the October 15, 2021 First Violation Report and the March 8, 2022 First Amended Violation Report, probation reported that Defendant (1) failed to report monthly in person as ordered, last reporting to

probation on July 15, 2021; (2) failed to attend and complete the Petty Theft Diversion Program as ordered, and was terminated from the 27th cycle of that program; (3) failed to report to GBHWC for Intake and Assessment as ordered, and; (4) failed to make $20.00 monthly payments towards the $10,524.99 restitution as ordered and failed to perform 76 hours of community service as ordered. Both reports were filed before the Defendant's hospitalization. The Defendant has provided the Court with no reasonable excuse and no evidence that Defendant is interested in availing himself of the supportive services provided to him as part of his probation, and the Court must grant the People's motion for revocation and sentence Defendant to the maximum original sentence of three (3) years at the Department of Corrections, with credit for time served. The defendant's $1,000.00 bail, posted on August 4, 2023, will be refunded to the payor, as the Court has no basis to forfeit bail in this matter.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation. The Defendant's probation is hereby **REVOKED** and the Defendant is sentenced to three (3) years of incarceration at the Guam Department of Corrections, with credit for time served. The Court further **ORDERS** the Defendant's $1,000.00 bail be released to the person who posted the bail.

SO ORDERED ___JAN 0 2 2024___.

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 1/2/24 Time: 3:00
Caulevio @
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

Page **5** of **5**